IN THE UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-00122-RM-KLM

JERALD A. BOVINO,

    Plaintiff,

v.

LEVENGER COMPANY,

    Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

The Parties, Jerald A. Bovino (hereinafter "Plaintiff") and Defendant Levenger Company (hereinafter "Defendant"), hereby stipulate to the following protective order to protect confidential, proprietary, and/or private information produced by the Parties or third parties from public disclosure and from use for any purpose other than prosecuting this case.  Pursuant to Federal Rule of Civil Procedure 26(c), **IT IS HEREBY ORDERED THAT:**

1. **PURPOSES AND LIMITATIONS**

    1.1   This Protective Order is intended to protect confidential, proprietary, and/or other information for which special protection from public disclosure is permitted that is likely to be produced or disclosed.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.

1

2. **DEFINITIONS**

    2.1  **"CONFIDENTIAL" Information or Items:** Confidential information (regardless of how generated, stored, or maintained) or tangible things that the Designating Party (i) believes in good faith constitutes sensitive personal or commercial information or (ii) is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

    2.2  **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:** extremely sensitive "Confidential Information or Items," the disclosure of which to another Party or non-party would create a substantial risk of competitive or business injury to the Producing Party.

    2.3  **Designating Party:** A Party or non-party that designates information or items that it produces in Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    2.4  **Disclosure or Discovery Material:** All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, generated, or otherwise provided by the Parties or by non-parties.

    2.5  **Expert:** A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant and who is not a past or current officer, director or employee of a Party and who, at the time of retention, does not anticipate becoming an officer, director or employee of a Party. The definition of Expert extends to that person's engineering, technical, accounting, financial or other support personnel. Nothing in this

Order purports to change the requirements for offering testimony under Fed. R. Evid. 703, or to define the term "expert" for purposes other than those addressed in this Protective Order.

2.6 **Outside Counsel**: Attorneys who are not employees of a Party but who are retained to represent or advise a Party and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, including supporting personnel employed by the attorneys.

2.7 **Party**: Any Party to this action, including all of its officers, directors, employees.

2.8 **Producing Party**: A Party or non-party that discloses or produces Disclosure or Discovery Material.

2.9 **Professional Vendors**: Persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; electronically stored information (ESI) consulting or document management; preparing exhibits or demonstrations; document management; jury consulting; mock trial coordination; translators) and their employees (excluding mock jurors).

2.10 **Protected Material**: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as provided for in this Order.

2.11 **Receiving Party**: A Party that receives Disclosure or Discovery Material from a Producing Party.

## 3. SCOPE

3.1 The protections conferred by this order cover not only Protected Material (as defined *supra*), but also any information copied or extracted from Protected Material, as well as copies, excerpts, summaries, or compilations thereof, and testimony, conversations, or presentations by a Party or Outside Counsel to or in court or in other settings that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information, that a Receiving Party can show, was known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party, or was independently developed by the Receiving Party by its personnel who did not have access to the Protected Material. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 4. DURATION

4.1 Even after the termination of the above-captioned action, the confidentiality obligations imposed by this order shall remain in effect until a Designating Party agrees to termination of confidentiality obligations or a court order directs otherwise.

4.2     This Order shall be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, experts, consultants, and all other persons or organizations over which the Parties have control and individuals and/or entities that have had access to the information and/or material designated under this Protective Order not identified above.

5.   **DESIGNATING PROTECTED MATERIAL**

5.1     Manner and Timing of Designations:  Except as otherwise provided in this Order or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be so designated before or at the time the material is disclosed or produced.  Designation in conformity with this order shall be made as follows:

(a)     For information in documentary (including "electronically stored information") form (apart from transcripts of depositions or other pretrial or trial proceedings) the Designating Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" conspicuously on each page that contains Protected Material.

(b)     For testimony given in deposition, the Designating Party shall specify any portions of the testimony that it wishes to designate no later than thirty (30) calendar days after the final transcript of the deposition has been received by the Designating Party.  For deposition transcripts, the Party or non-party may identify the entirety of a transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," but all deposition transcripts not designated during the deposition will

5

nonetheless be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," until the time within which it may be appropriately designated as provided for herein has passed. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential or attorneys eyes only confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any Designating Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, and the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(c) <u>For information produced in some form other than documentary, and for any other tangible items</u>, the Designating Party shall affix, in a prominent place on the exterior of the medium, container or containers in which the information or item is stored, the appropriate legend.

(d) <u>Native Files.</u> Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.

5.2 <u>Inadvertent Failure to Designate Properly:</u> An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon discovery of an inadvertent failure to designate, a Producing Party may notify the Receiving Party in writing that the material is to be designated. Upon receipt of such notice, the Receiving Party must make reasonable efforts to assure that the material is thereafter treated in accordance with the provisions of this Order. The Designating Party shall provide

substitute copies of documents bearing the confidentiality designation. Upon receiving substitute copies, the Receiving Parties shall return or securely destroy, at the Designating Party's option, all material that was not designated properly.

6.   **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1   Timing of Challenges:   A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   Meet and Confer:   A Party that elects to initiate a challenge to a Designating Party's confidentiality designation ("Challenging Party") must do so in good faith and must begin the process by identifying, in writing, the documents or information that the Challenging Party contends should be differently designated, and the basis for its belief that the confidentiality designation is improper. The Designating Party shall, within seven (7) calendar days after receiving such written notice, advise the Challenging Party, in writing, of the basis for its designation or re-designation. Within seven (7) calendar days thereafter, the parties shall meet and confer directly in good faith to resolve the matter. If the Parties are unable to reach an agreement as to the challenged designation, the challenging party may make an appropriate application to the Court, *pursuant to MJ Mix's discovery procedures.* Until a challenge to an asserted designation is finally resolved by the Parties or the Court, all Parties and persons shall treat the information or materials in question according to the original designation. *KLM*

6.3   Judicial Intervention:   A Party that elects to challenge a confidentiality designation after considering the justification offered by the Designating Party (as described in the preceding section) may, within seven (7) days of the parties' meet-and-

confer, seek the Court's assistance in resolving the dispute in accordance with the Court's discovery dispute procedures. The burden shall be on the Challenging Party to justify its proposed confidentiality designation.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 <u>Basic Principles</u>: A Receiving Party may use Protected Material that is disclosed or produced by another Party or non-party only for prosecuting, defending, or attempting to settle the above-captioned action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the action has been terminated, a Receiving Party must comply with the provisions of Section 10 (FINAL DISPOSITION), below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures access to the Protected Material is limited to the persons authorized under this Order.

7.2 <u>Disclosure of Information or Items:</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) The Receiving Party's Outside Counsel of record, as well as employees of said Outside Counsel;

(b) The Receiving Party and those officers, directors or employees of the Receiving Party;

(c) Experts (as defined in Section 2.5, *supra*) of the Receiving Party retained in connection with this proceeding, and who have signed the

9

"Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (**Exhibit A**).

  (d) The Court and its personnel;

  (e) Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

  (f) Court reporters and videographers;

  (g) Professional Vendors to whom disclosure is reasonably necessary;

  (h) Persons who appear on the face of the Protected Material as an author, addressee, or recipient of the document or have prior knowledge of the Protected Material;

  (i) During deposition and/or at trial, current employees of the Producing Party that produced the documents or information; and

  (j) Any other person with the prior written consent of the Producing Party.

  7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "<u>HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY</u>" only to those persons meeting the descriptions of Section 7.2 (a), (c), (d), (e), (f), (g), (h), (i) and (j).

  7.4 <u>Outside Counsel and Expert</u>: Any Outside Counsel or Expert who has been afforded access to information or items from a Producing Party which has been

designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," particularly information or items relating to Producing Party's business, sales, research, technology, development and marketing activities, shall not disclose, use or apply such information or items for any purpose other than for work or services performed in the scope of this case.

### 8. FILING PROTECTIVE MATERIAL

8.1   Whenever any Protected Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY must be filed with the Court, Parties shall seek to restrict public access to such filings by filing appropriate motions that meet the requirements of D.C.COLO.LCivR 7.2.  Parties shall seek the lowest reasonable level of restriction under D.C.COLO.LCivR 7.2. *Parties must submit specific argument or facts indicating why the confidentiality of the Protected Material outweighs the presumption of public access. Lehman Aviation, LLC v. Board of County Commrs, — F.3d —, Nos. 12-1173, 12-1194 (10th Cir. June 9, 2014).*

### 9. USE OF PROTECTED MATERIAL AT COURT HEARINGS OR PROCEEDINGS

9.1   The status of Protected Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall not be lost by use of such information or material in a court proceeding in this action or any appeal therefrom.

### 10. FINAL DISPOSITION

10.1   Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days after the final termination of any of the above-captioned actions, including all appeals, each Receiving Party must destroy or return, at the Producing Party's request, all Protected Material received in such action to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material.  The Receiving Party must submit a written certification to the

11

Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) calendar day deadline.

10.2   Notwithstanding the preceding section, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4, *supra*.

## 11.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

11.1   If a Receiving Party is served with a subpoena or an order issued in another action that would compel disclosure of any Protected Material, the Receiving Party must so notify the Designating Party, in writing within seven (7) business days so that the Designating Party has an opportunity to object to the disclosure of Protected Material. Such notification must include a copy of the subpoena or court order.

11.2   The Receiving Party also must within seven (7) business days inform in writing the Party who caused the subpoena or order to issue in the other action that some or all the material covered by the subpoena or order is the subject of this Order.

11.3   The purpose of imposing this duty is to afford the Designating Party an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection of its confidential material in that court.

## 12.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

12.1   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under

this Order, the Receiving Party must immediately: (a) notify the Designating Party, in writing, of the unauthorized disclosure(s); (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person(s) to whom unauthorized disclosures were made of all the terms of this Order; and (d) request that such person(s) execute the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (**Exhibit A**).

13. **MISCELLANEOUS**

   13.1   <u>Right to Further Relief:</u> Nothing in this Order abridges the right of any person to seek further or additional protection of any Disclosure or Discovery Material or to seek modification of the Order by the Court in the future.

   13.2   <u>Right to Assert Other Objections:</u> By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

   13.3   <u>No Restriction on Advising Client:</u> Nothing in this Order shall be construed to prevent Counsel from advising their respective clients regarding the above-captioned action, even if Counsel must rely on Protected Information in formulating such advice, as long as no Protected Information is disclosed in violation of this Order.

   13.4   <u>Limitation on Discovery from Experts</u>: Absent good cause, discovery of materials provided to Experts must be consistent with Rule 26(b)(4) of the Federal Rules of Civil Procedure; draft reports of Experts and communications with Experts are not discoverable. No conversations or communications between any testifying or

consulting Experts retained by Counsel (or the Experts' assistants) and the retaining Party's employees, consultants, and Outside Counsel occurring after the filing date of the action will be subject to discovery unless the conversations or communications are relied upon by a testifying Expert in formulating his or her final report, trial or deposition testimony or any opinion.

13.5  Party's Use of Own Protected Material:  Nothing in this Protective Order shall limit any Party's use of its own documents and information, nor shall it prevent any Party from disclosing its own Protected Information or Material or other documents to any person.  Such disclosure shall not affect any designations made pursuant to the terms of this Protective Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

13.6  Redactions:  Any Producing Party may redact from the documents and things it produces any matter that the disclosing party claims is subject to attorney-client privilege, work product immunity, a legal prohibition against disclosure, or any other privilege or immunity.  The Producing Party shall mark each thing where matter has been redacted with a legend stating "REDACTED," as appropriate, or a comparable notice.  Where a document consists of more than one page, at least each page on which information has been redacted shall be so marked.  The Producing Party shall preserve an unredacted version of each such document.  This provision shall not affect any obligation to provide a log of information redacted or otherwise withheld on the basis of attorney-client privilege, work product immunity, a legal prohibition against disclosure, or other privilege or immunity.

14. **INADVERTENT PRODUCTION OF PRIVILEGED DOCUMENTS**

14.1 If any Party, through inadvertence, produces any Disclosure or Discovery Material information that it believes is immune from discovery pursuant to the attorney-client privilege, work product immunity, common interest, or any other applicable privilege or immunity ("Privileged Material"), the Producing Party may give written notice to the Receiving Party that such Privileged Material is deemed privileged and that return of such Privileged Material is requested. Upon receipt of such written notice, the Receiving Party shall within three (3) business days gather the original and all copies of such Privileged Material of which the Receiving Party is aware and shall immediately return the original and all such copies to the Producing Party. If the Producing Party discovers that privileged, work-product, or otherwise protected Disclosure and Discovery Material information has been inadvertently produced based upon the Receiving Party's use of such information during a deposition or hearing, the Producing party may orally request the return of the information and that the Receiving Party immediately cease examination or argument regarding the Privileged Material within the document. Upon such an oral request, the Receiving Party shall (a) within three (3) business days return the Disclosure and Discovery Material information and all copies to the Producing Party, and (b) immediately cease examination or argument regarding such Privileged Material information. The return of such Disclosure and Discovery Material to the Producing Party shall not preclude the Receiving Party from later moving the Court to compel production of the returned Disclosure and Discovery Material on the basis that any privilege applicable thereto has been waived. However, the inadvertent production of privileged or otherwise protected Disclosure or Discovery Material in any

of the above-captioned actions shall not be deemed—and the Parties expressly waive their rights to argue otherwise—to constitute a waiver of any privilege or protection that otherwise would adhere to the Disclosure or Discovery Material information.

A Party or non-party that makes original documents or materials available for inspection does not waive the attorney-client privilege, work product immunity, or any other applicable privilege or immunity on the sole basis that such material was provided for inspection.

### 15. NONPARTY USE OF THIS PROTECTIVE ORDER

15.1  A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and will enjoy the same level of protection under this Order as any party to any of the above-captioned actions.

### 16. OTHER PROCEEDINGS

16.1  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**\*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK\***

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Colorado in the case of *Jerald A. Bovino v. Levenger Company*, Civ. No. 1:14-cv-00122-RM-KLM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Stipulated Protective Order.

Printed name:

_____

Present occupation job description:

_____

Name of Company or Firm:

_____

Address:

_____

Date: _____      Signature:_____

IT IS SO STIPULATED, THROUGH THE UNDERSIGNED COUNSEL FOR THE PARTIES.

Dated: June 6, 2014

/s/ Ronnie Fischer
Mr. Ronnie Fischer, Esq.
Fischer Law Firm, P.C.
1777 South Harrison Street
Penthouse – Suite 1500
Denver, Colorado 80210
Ronnie@FischerEsq.com

/s/ Ralph (Rick) Martin
Mr. Ralph (Rick) Martin, Esq.
Patent Law offices of Rick Martin, P.C.
Post Office Box 1839
Longmont, Colorado 80502
rickpattm@yahoo.com

*Attorneys for Plaintiff*

/s/ Michael A. Nicodema
Michael A. Nicodema
Greenberg Traurig, LLP
200 Park Avenue
Florham Park, NJ 07932
Tel: (973) 360-7900
Fax: (973) 301-8410
Email: nicodemam@gtlaw.com

/s/ Amy L. Kramer
Amy L. Kramer
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, Colorado 80202
Tel: (303) 572-6500
Fax: (303) 572-6540
Email: kramera@gtlaw.com

*Attorneys for Defendant*

**IT IS SO ORDERED**:

Date: 6/10/14

UNITED STATES ~~DISTRICT COURT~~ MAGISTRATE JUDGE

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

DEN 98513340v2