**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14–cv–00122–RM–KLM

JERALD A. BOVINO,

    Plaintiff,

v.

LEVENGER COMPANY,

    Defendant.

---

### ORDER

---

This matter is before the Court on Defendant Levenger Company's ("Levenger") motion to dismiss (ECF No. 27), pursuant to Federal Rule of Civil Procedure 12(b)(6), parts of Plaintiff Jerald A. Bovino's ("Bovino") Complaint (ECF No. 1). The motion is fully briefed and ripe for disposition.

**I.    BACKGROUND**

Plaintiff alleges direct infringement, contributory infringement, and inducement of direct infringement of U.S. Patent No. 6,977,809 (the "'809 Patent") by Defendant. Additionally, Plaintiff alleges Defendant's actions were willful. Plaintiff's factual averments regarding Defendant in support of his claims, in pertinent part, are as follows:

- Defendant Levenger has committed and continues to commit acts of patent infringement, directly and/or through agents and intermediaries, by making, using, selling, and/or offering for sale certain infringing products in Colorado. Specifically, Defendant Levenger sells (directly and/or

- through intermediaries) infringing portable computer cases in this District. (ECF No. 1 ¶ 5.)

- Defendant Levenger has known of the '809 Patent since at least January 16, 2014, when a copy of the Complaint in this action, along with a copy of the '809 Patent, was filed with the Court and thereafter served on Defendant Levenger.  (ECF No. 1 ¶ 10.)

- Such acts of infringement include, but are not limited to, Defendant Levenger's use, sale, and/or offer for sale of various cases, including but not limited to, the Bomber Jacket Work & Play iPad Folio, Work & Play iPad Folio, Work & Play iPad Mini Folio, Color Block iPad Case, Color Block iPad Mini Case, Around the Web 360 iPad Case, Around the Web 360 iPad Mini Case, CEO Hybrid iPad Holder, and CEO Hybrid iPad Mini Holder (hereinafter "Accused Products").  (ECF No. 1 ¶ 12.)

- Upon information and belief, Defendant Levenger's customers/persons using Defendant's [sic] Levenger's Accused Products infringe at least one claim of the '809 Patent.  (ECF No. 1 ¶ 13.)

- Upon information and belief, Defendant Levenger causes, urges, aids, advises, encourages, and/or otherwise induces infringement by Defendant Levenger's customers/persons who use such Accused Products; such infringing conduct is carried out; and Defendant Levenger knows and intends that such Accused Products infringe at least one claim of the '809 Patent.  (ECF No. 1 ¶ 14.)

- Upon information and belief, Defendant Levenger's Accused Products are especially made or especially adapted for use in an infringement of the '809 Patent, and are not staple articles or commodities of commerce suitable for any substantial non-infringing use.  (ECF No. 1 ¶ 15.)

- Upon information and belief, Defendant Levenger's aforementioned actions have been, and continue to be, committed in a knowing and willful manner and constitute willful infringement of the '809 Patent.  (ECF No. 1 ¶ 16.)

- Defendant Levenger is further responsible for the indirect infringement of the '809 Patent by providing products to customers, (a) inducing infringement by instructing its respective customers to use the provided products in an infringing manner, and (b) contributing to the infringement of the '809 Patent by providing the infringing products – products that have no substantial non-infringing use – to its respective customers who then infringe the '809 Patent through their infringing use of Defendant Levenger's products.  (ECF No. 1 ¶ 20.)

It its motion to dismiss, Defendant argues these allegations fail to state viable claims for contributory infringement, inducement of direct infringement, and willful infringement.

## II.  LEGAL STANDARDS

"A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007). Thus, courts should apply "the law of the regional circuit" in evaluating such a motion. *Id*. at 1356 (citation omitted).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." *Id*. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. A "plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to

3

believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original, internal citation and quotation omitted).

The Tenth Circuit Court of Appeals has held "that plausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotation and citation omitted). The Tenth Circuit has further noted "that the nature and specificity of the allegations required to state a plausible claim will vary based on context." *Id*. (Internal quotation and citation omitted.) Thus, the Tenth Circuit "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the [Supreme C]ourt stated will not do.'" *Id*. (Citation omitted.)

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in a plaintiff's favor. *Morse v. Regents of the Univ. of Colo.*, 154 F.3d 1124, 1126-27 (10th Cir. 1998) (citation omitted); *Seamons v. Snow*, 84 F.3d 1226, 1231-32 (10th Cir. 1996) (citations omitted). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions. . . .'" *Khalik*, 671 F.3d at 1190 (quoting *Iqbal*, 556 U.S. at 678). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will

disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id*.

## III. ANALYSIS

The Court notes that Plaintiff, in one count, alleges several different manners in which Defendant infringed upon the '809 Patent. (ECF No. 1 ¶¶ 9-20.) The Court notes that Plaintiff's Complaint is hardly a model of clarity (since in one count he alleges three different manners in which Defendant infringed upon the '809 Patent) and his claims of patent infringement are general in nature, asserting that "[u]pon information and belief, Defendant Levenger has infringed and is continuing to directly infringe, contribute to the infringement of, and/or induce the infringement of, at least one claim of the '809 Patent without Plaintiff Bovino's consent or authorization." (ECF No. 1 ¶ 11.)

### A. Indirect Infringement

"Indirect infringement arises when a patent is infringed, but the defendant is not directly involved with the ultimate infringing conduct." *Animal Care Sys., Inc. v. Hydropac/Lab Prods., Inc.*, Case No. 13-CV-00143-MSK-BNB, 2014 WL 103812, at *5 (D. Colo. Jan. 10, 2014). Statutorily, indirect infringement comes in two varieties: (i) induced infringement— in which the defendant "advises, encourages, or otherwise induces others to engage in" the ultimate infringing conduct, 35 U.S.C. § 271(b); and (ii) contributory infringement— in which a defendant manufactures or sells a product, knowing that the product is a material part of a greater patented invention and aware that others may use the product to complete the assembly of the patented invention, 35 U.S.C. § 271(c). *See Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2065-68 (2011). Both forms of indirect infringement differ from direct infringement (where the defendant is the party engaging in the ultimate act of infringement) insofar as indirect

5

infringement requires proof of the defendant's knowledge and intent to bring about the infringement, whereas direct infringement is a strict-liability offense and the defendant's knowledge and intent are irrelevant. *Global-Tech*, 131 S.Ct. at 2059 n.2 (citation omitted), 2068.

Defendant argues that Plaintiff's allegations of indirect infringement are subject to dismissal because: (i) Plaintiff fails to plead facts indicating that Defendant had pre-litigation notice or was aware of the '809 Patent; (ii) Plaintiff fails to plead facts indicating Defendant intended its customers to infringe the '809 Patent; (iii) Plaintiff fails to plead facts indicating Defendant knew that its customer's acts constituted infringement; (iv) Plaintiff fails to plead facts indicating Defendant knew that the product was "especially designed" to infringe the '809 Patent; and (v) Plaintiff fails to plead facts indicating a lack of substantial non-infringing uses.

          1.      <u>Contributory Infringement</u>

To state a claim for contributory infringement, a plaintiff must affirmatively plead that "the components sold or offered for sale have no substantial non-infringing uses," *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) and the alleged infringer had "knowledge that the component is especially designed for use in a patented invention," *BIAX Corp. v. Motorola Solutions, Inc.*, Case No. 10-CV-03013-PAB-KLM, 2012 WL 502727, at *2 (D. Colo. Feb. 15, 2012) (internal quotation and citation omitted). Plaintiff alleges that the Accused Products have no substantial non-infringing uses. (ECF No. 1 ¶ 15.) Plaintiff alleges that Defendant knew that the Accused Products were made or adapted for use in an infringement of the '809 Patent. (ECF No. 1 ¶¶ 15, 16.)

Thus, Plaintiff adequately pleads a claim of contributory infringement.

2.   Induced Infringement

    a.   *Knowledge of the '809 Patent at Particular Time*

This District has previously held that a claim for induced infringement may move forward based on knowledge of a patent that was gained through the litigation. *Potter Voice Techs. LLC v. Apple, Inc.*, Case No. 12-CV-01096-REB-CBS, 2013 WL 1325040, at *2 (D. Colo. Mar. 29, 2013). The Court agrees that Plaintiff's Complaint for induced infringements adequately alleges knowledge for infringements occurring *on and after* the date of the filing of the initial complaint (ECF No. 1 ¶ 10). *See Rembrandt Soc. Medial, LP v. Facebook, Inc.*, 950 F. Supp. 2d 876, 881-83 (E.D.Va. 2013); *Potter Voice Techs.*, 2013 WL 1325040 at *2. Because Plaintiff fails to plead any facts as to Defendant's knowledge prior to the filing of the Complaint, any claim as to induced infringement which occurred prior to the filing of the Complaint is not adequately pled and fails to state a claim.

    b.   *Claim Elements*

Whoever actively induces infringement of a patent shall be liable as an infringer. 35 U.S.C. § 271(b). To allege induced infringement, the plaintiff must plead that the defendant knew of the plaintiff's patent, that the components used by the defendant infringe the patent, and that the defendant actively induced its customer to use the infringing components. *See Potter Voice Techs.*, 2013 WL 1325040 at *3.

Plaintiff alleges that Defendant is responsible for induced infringement of the '809 Patent by "providing products to customers, (a) inducing infringement by instructing its respective customers to use the provided products in an infringing manner, and (b) contributing to the infringement of the '809 Patent by providing the infringing products — products that have no substantial non-infringing use — to its respective customers who then infringe the '809 Patent

through their infringing use of Defendant Levenger's products." (ECF No. 1 ¶ 20.) Thus, Plaintiff's Complaint is distinguishable from the complaint in *DR Sys. v. Avreo, Inc.*, Case No. 11-CV-0932 BEN (WVG), 2011 WL 4850171, at *3 (S.D. Cal. Mar. 29, 2012) where that complaint did not allege how the defendant was inducing infringement.

Plaintiff alleges (1) who directly infringed/infringes the '809 Patent (Defendant's customers) (ECF No. 1 ¶ 14); (2) that Defendant, as of the filing date of the Complaint, had knowledge that it was inducing infringement (ECF No. 1 ¶¶ 10, 14 16); and (3) that Defendant intended/intends that its customers infringe the '809 Patent (ECF No. 1 ¶ 14).

Thus, Plaintiff adequately pleads a claim for induced infringement for acts occurring on and subsequent to the filing date of the Complaint.

**B.     Willful Infringement**

Defendant argues that Plaintiff's allegations of willful infringement are subject to dismissal because Plaintiff fails to plead facts indicating that Defendant had pre-litigation notice or was aware of the '809 Patent. A willful infringement claim requires scienter of the infringed upon patent. *See Mitutoyo Corp. v. Cent. Purchasing, LLC*, 499 F.3d 1284, 1290 (Fed. Cir. 2007). Further, a "willfulness claim . . . must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (en banc). In this matter, Plaintiff makes no allegations that Defendant had pre-lawsuit-filing knowledge of the '809 Patent. (*See generally* ECF No. 1.)

Plaintiff attempts to rehabilitate his claim by, in response to Defendant's motion to dismiss, arguing that since he no longer practices his patented invention and does not now have a commercial embodiment he is excused from *Seagate's* rule that he must seek an injunction to sustain a claim for post-filing willful infringement. (ECF No. 35 at 7.) Plaintiff's argument,

8

however, fails because the allegations that he no longer practices his patented invention and does not have a commercial embodiment are not in his Complaint (*see generally* ECF No. 1). *See Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) (holding that a court is limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint) (citation omitted); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) (holding that "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss") (citations omitted); *Wilson v. Jenks*, Case No. 12-CV-02495-RM-KMT, 2014 WL 6515336, at *4 (D. Colo. Nov. 20, 2014).

Thus, Plaintiff fails to plead facts adequate to state a claim for willful infringement.

### IV.   CONCLUSION

Based on the foregoing, the Court:

(1)   GRANTS, in part, and DENIES, in part, Defendant's motion to dismiss (ECF No. 27), to wit, the Court:

   (a)   GRANTS Defendant's motion to dismiss Plaintiff's claim for willful infringement;

   (b)   GRANTS Defendant's motion to dismiss Plaintiff's claim for inducement of direct infringement for any acts which occurred prior to the filing of the Complaint;

   (c)   DENIES Defendant's motion to dismiss Plaintiff's claim for contributory infringement; and

        (d)     DENIES Defendant's motion to dismiss Plaintiff's claim for inducement of direct infringement for acts occurring on the day of and subsequent to the filing of the Complaint.

DATED this 9th day of March, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge