**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14–cv–00122–RM–KLM

JERALD A. BOVINO,

    Plaintiff/Counter-Defendant,

v.

LEVENGER COMPANY,

    Defendant/Counter-Plaintiff.

---

## ORDER

---

    This matter is before the Court on the following motions:

    (1)    Plaintiff/Counter-Defendant Jerald A. Bovino's ("Bovino" or "Plaintiff") motion to dismiss his claim for direct infringement (ECF No. 59);

    (2)    Plaintiff's motion to restrict public access to certain filings made by Defendant/Counter-Plaintiff Levenger Company ("Levenger" or "Defendant") (ECF No. 62); and

    (3)    Plaintiff's motion to dismiss his claim for indirect infringement (ECF No. 66).

Defendant opposes, in part, Plaintiff's motions to dismiss (ECF Nos. 59; 66) on the basis Defendant argues that it is entitled to an award of attorneys' fees and costs (ECF Nos. 60; 68).

    For the following reasons, the Court:

    (1)    GRANTS Plaintiff's motion to dismiss his claim for direct infringement (ECF No. 59);

1

(2)     GRANTS Plaintiff's motion to restrict public access (ECF No. 62);

(3)     GRANTS, in part, Plaintiff's motion to dismiss his claim for indirect infringement (ECF No. 66); and

(4)     DENIES, in part, Plaintiff's motion to dismiss his claim for indirect infringement (ECF No. 66).

## I.     LEGAL STANDARDS

### A.     Voluntary Dismissal

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that

> Except as provided in Rule 41(a)(1) [of the Federal Rules of Civil Procedure], an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2).

### B.     Restriction on Public Access to Documents

Pursuant to D.C.COLO.LCivR 7.2, a motion to restrict public access to documents filed with the Court must: (1) identify the documents for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought.

## II.   ANALYSIS

### A.   Motions to Dismiss

Defendant's objection (ECF Nos. 60; 68) to Plaintiff's motions to dismiss (ECF Nos. 59; 66) pertains to its request for attorneys' fees and costs.  Such a request is not properly before the Court in such a procedural posture.  D.C. Colo. L. Civ. R. 7.1(d) ("A motion shall not be included in a response or reply to the original motion.  A motion shall be filed as a separate document."); *see*, *e.g.*, *Hines v. Jones*, 373 F. App'x 890, 891-92 (10th Cir. Apr. 22, 2010) (unpublished).

But Plaintiff's motion to dismiss his indirect infringement claim against Defendant seeks dismissal of all "claims against Defendant Levenger, with prejudice, with each party to bear his/its own costs and attorneys' fees."  (ECF No. 66 at 3.)  In consideration of Defendants' responses to the motions to dismiss and the pending counterclaims (ECF No. 33 at 10-11), the Court:

(1)   GRANTS Plaintiff's motion to dismiss his claim for direct infringement (ECF No. 59), to wit, the Court DISMISSES, with prejudice, Plaintiff's claim for direct infringement;

(2)   GRANTS, in part, and DENIES, in part, Plaintiff's motion to dismiss his claims for indirect infringement (ECF No. 66), to wit, the Court (i) DISMISSES, with prejudice, Plaintiff's claim for indirect infringement; and (2) DENIES Plaintiff's request that each party bear his/its own costs and attorneys' fees; and

(3)   DISMISSES, with prejudice, any of Plaintiff's remaining claims against Defendant.

### B. Motion to Restrict Public Access

Plaintiff seeks a Level 1 restriction as to Exhibits C and D filed in connection with Defendant's response (ECF No. 61) to Plaintiff's motion to dismiss. Plaintiff identifies the interest to be protected is that the exhibits contain confidential proprietary information and non-parties' business relationships. (ECF No. 62 at 3-4.) Plaintiff represents that such interests outweigh the presumption of public access and, if access is not restrict, Plaintiff and its licensees may be unfairly prejudiced by the disclosure of terms of the license agreement. (ECF No. 62 at 2-3.) Plaintiff identifies that no alternative to restriction is practicable. (ECF No. 62 at 4.)

The Court has reviewed the documents at issue. The Court finds that the requirements of Local Civil Rule 7.2 have been met. Therefore, the Court GRANTS Plaintiff's motion (ECF No. 62) to restrict public access to documents (ECF No. 61).

### III. CONCLUSION

Based on the foregoing, the Court:

(1)     GRANTS Plaintiff's motion to dismiss his claim for direct infringement (ECF No. 59), to wit, the Court DISMISSES, with prejudice, Plaintiff's claim for direct infringement;

(2)     GRANTS, in part, and DENIES, in part, Plaintiff's motion to dismiss his claim for indirect infringement (ECF No. 66), to wit, the Court (i) DISMISSES, with prejudice, Plaintiff's claim for indirect infringement; and (2) DENIES Plaintiff's request that each party bear his/its own costs and attorneys' fees;

(3)     DISMISSES, with prejudice, any of Plaintiff's remaining claims against Defendant;

(4)     GRANTS Plaintiff's motion to restrict access to public documents (ECF No. 62), to wit, the Court RESTRICTS to Level 1 Access the filing at ECF No. 61.

(5) ORDERS Defendant to file a status report on or before July 15, 2015 as to the status of its counterclaims against Plaintiff (ECF No. 33 at 10-11);

(6) ORDERS the parties to file a joint-status report on or before July 15, 2015 as to whether the in-court claim construction hearing set for August 17, 2015 (ECF Nos. 54; 64; 65) is necessary in light of the Court's order dismissing, with prejudice, all of Plaintiff's claims against Defendant; and

(7) GRANTS leave to Defendant to file a motion for its costs and attorneys' fees upon final resolution of this matter.

DATED this 8th day of July, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge